Samuel JOHNSON, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.

No. 03–5919.

United States Court of Appeals, Sixth Circuit.

April 29, 2004.

P. Heith Reynolds, Wolfe, Williams & Rutherford, Norton, VA, for Plaintiff–Appellant.

John S. Osborn, III, Asst. U.S. Attorney, Lexington, KY, Laurie G. Remter, Dennis R. Williams, Mary Ann Sloan, Brian Huberty, John C. Stoner, Beverly E. Williams, Atlanta, GA, for Defendant–Appellee.

Before MARTIN and ROGERS, Circuit Judges; and BELL, District Judge.*

## ORDER

Samuel Johnson, who is represented by counsel, appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits and for supplemental income benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. FED. R.APP. P. 34(a).

Johnson was born on July 22, 1947, and has a sixth grade education. He has previously worked as a roof bolter, a shuttle car operator and a general miner. On February 14, 2001, Johnson filed applications for social security disability insurance benefits and for supplemental security income benefits. He claimed that he was disabled due to pain in his back, hips and legs.

After a hearing, an administrative law judge found that Johnson could perform a substantial number of jobs in the national economy and therefore denied benefits.

* The Honorable Robert Holmes Bell, Chief Judge of the United States District Court for the Western District of Michigan, sitting by designation.

The Appeals Council declined to review the administrative law judge's decision. Johnson then filed a civil action seeking judicial review of the Commissioner's decision. The district court affirmed the denial of benefits and granted judgment to the Commissioner.

This Court's review is limited to determining whether there is substantial evidence in the record to support the administrative law judge's findings of fact and whether the administrative law judge applied the correct legal standards. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). Johnson asserts several arguments in this appeal, each of which will be addressed in turn.

■ First, Johnson argues that the administrative law judge erred in rejecting his argument that he was illiterate and instead finding that he had a marginal education. The Commissioner will "consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name. Generally, an illiterate person has had little or no formal schooling." 20 C.F.R. § 404.1564(b)(1). A claimant with a "marginal education," by contrast, has "ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs." 20 C.F.R. § 404.1564(b)(2). "[F]ormal schooling at a 6th grade level or less" is generally considered a marginal education. *Id.*

The concept of "education" is described in the regulations as follows:

> *Education* is primarily used to mean formal schooling or other training which contributes to your ability to meet vocational requirements, for example, reasoning ability, communication skills, and arithmetical ability. However, if you do not have formal schooling, this does not necessarily mean that you are unedu-

cated or lack these abilities. Past work experience and the kinds of responsibilities you had when you were working may show that you have intellectual abilities, although you may have little formal education. Your daily activities, hobbies, or the results of testing may also show that you have significant intellectual ability that can be used to work.

20 C.F.R. § 404.1564(a).

Although Johnson testified that he could not read or write, he does have a sixth grade education, is able to add and subtract and can purchase items and make the proper change. Moreover, Johnson has performed skilled and semi-skilled work in the past. We find that in light of Johnson's education and work experience, substantial evidence supports the administrative law judge's conclusion that Johnson has a marginal education and is not illiterate.

Johnson's second argument concerns the administrative law judge's determination that Johnson was not disabled under the Medical–Vocational Guidelines. 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 2. The administrative law judge concluded that Johnson was closely approaching advanced age, could perform a wide range of light work, had a marginal education level and had a prior work history of skilled and semi-skilled work but possessed no transferable skills. Pursuant to Rule 202.11 of Table 2 of the Medical–Vocational Guidelines, a claimant possessing these characteristics is not disabled. The administrative law judge therefore determined that Rule 202.11 applied to Johnson, thereby compelling the conclusion that he was not disabled under the Medical–Vocational Guidelines.

Johnson argues that the administrative law judge should have applied Rule 202.09 instead of Rule 202.11. Rule 202.09, if

applicable, directs a finding that the claimant is disabled. *Id.* Unfortunately for Johnson, however, Rule 202.09 only applies where the claimant (1) is illiterate or unable to communicate in English and (2) has either no previous work experience or experience only as an unskilled worker. The record reveals that Johnson cannot meet these criteria; as discussed, Johnson is not illiterate and he has performed skilled and semi-skilled work in the past. Therefore, Rule 202.09 is inapplicable. Because the record demonstrates that Johnson meets all the criteria listed in Rule 202.11, we find no reversible error in the administrative law judge's determination that Johnson is not disabled under the Medical–Vocational Guidelines.

■ Johnson's third argument is that the administrative law judge did not adequately inform him of his right to representation at the administrative hearing. When a claimant is not represented by counsel, an administrative law judge has a special duty to ensure that the record is fully and fairly developed. *Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847, 856 (6th Cir.1986). Part of the administrative law judge's duty in this regard is to ensure that the claimant is aware of his or her right to legal representation. *Robinson v. Sec'y of Health and Human Servs.,* 733 F.2d 255, 257 (2d Cir.1984). The record in this case reveals that Johnson was provided written notice of his right to representation several times prior to the hearing. Additionally, at the start of the hearing, the administrative law judge orally advised Johnson of his right to counsel and explained that counsel would be able to assist him in many ways. The administrative law judge then asked Johnson whether he had nevertheless elected to proceed without legal representation, and Johnson responded affirmatively. Under these circumstances, we find that Johnson was adequately informed of his right to legal representation.

■ Finally, Johnson contends that the administrative law judge failed to give proper weight to the opinion of Johnson's treating physician, Dr. James Bean. Dr. Bean opined that Johnson was limited to light or sedentary activity with no repetitive twisting, bending or jarring movement, and that he could lift fifteen to twenty pounds on occasion but could not return to his prior work as an operating miner. Dr. Bean's opinion is consistent with the administrative law judge's determination that Johnson is able to perform a wide range of "light work." 20 C.F.R. § 404.1567(b). "Light work" involves lifting no more than twenty pounds at a time, with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b). It also requires a good deal of walking or standing, or sitting with pushing and pulling of the arms or leg controls. *Id.* Light work does not include repetitive twisting, bending or jarring movement. *Id.* Because the administrative law judge's determination is consistent with Dr. Bean's opinion, we find no merit in Johnson's assertion that the administrative law judge accorded insufficient weight to Dr. Bean's opinion.

For these reasons, the district court's judgment affirming the denial of benefits is AFFIRMED.